UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENJUAN DE ADAMS,** | No. LA CV 11-04330-VBF-FFM |
| **Petitioner,** | OPINION AND ORDER |
| v. | Denying Petitioner's Third Fed. R. Civ. P. 60(b) Motion for Relief from the March 27, 2012 Judgment as Untimely and Meritless; |
| A. HEDGPETH (WARDEN) et al., | |
| Respondents. | Denying a Certificate of Appealability |

This was California state prisoner Kenjuan De Adams ("petitioner")'s action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court will deny petitioner's motion for relief from judgment as untimely and meritless.

Magistrate Judge Mumm issued a well-reasoned Report and Recommendation ("R&R") recommending that the habeas petition be dismissed with prejudice as untimely. On March 27, 2012, this Court issued an Order (Document ("Doc") 32) adopting the R&R and dismissing the action with prejudice as untimely and an Order denying petitioner a certificate of appealability ("COA") (Doc 34), and entered final judgment in favor of the respondent warden (Doc 33). Petitioner attempted to appeal to the United States Court of Appeals for the Ninth Circuit ("the Circuit") (Docs 35-37), but the Circuit denied petitioner's request for a COA by order issued on March 15, 2013 (Doc 8).

<u>Petitioner's First Motion for Relief from Judgment.</u> On February 24, 2014, petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)

(Doc 40). On April 9, 2014, this Court issued an Opinion and Order (Doc 41) denying the first reconsideration motion and denying a COA. *See Adams v. Hedgpeth*, 2014 WL 1795167 (C.D. Cal. Apr. 9, 2014) (Fairbank, J.). Petitioner attempted to appeal (Docs 42-43), but the Circuit issued an Order on May 29, 2014 (Doc 46) likewise denying a COA.

<u>Petitioner's Second Motion for Relief from Judgment.</u>  On May 9, 2014, petitioner filed a second motion for reconsideration (Doc 44). By Opinion and Order issued May 30, 2014 (Doc 45), this Court denied the second reconsideration motion and denied a COA. Petitioner attempted to appeal (Docs 47-48), but the Circuit issued an Order on August 13, 2014 (Doc 49) likewise declining to issue a COA.

<u>Petitioner's Third Motion for Relief from Judgment.</u>  Most recently, on December 9, 2014, petitioner filed a document entitled "Motion for Leave to File Petition for Writ of Habeas Corpus after the Expiration of Time as a Result of Erroneous Application of Tolling Time by the Court, this Motion Is Brought Pursuant to Federal Rules of Civil Procedure, Rule 6." The document argues that the Court incorrectly dismissed the habeas petition as untimely back in March 2012, particularly by erroneously denying equitable tolling of the AEDPA limitations period. Accordingly, the Court will construe the filing as a third motion for reconsideration or relief from judgment and analyze the request first pursuant to Rule 59(e) and then Rule 60(b). The Court has not ordered respondent to respond to

petitioner's motion[1], and respondent has not filed any response, or request for an extension of time, in the four weeks since petitioner filed the motion.[2]

    A.    <u>Rule 59(e)</u>

**Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."** Judgment was entered on March 27, 2012, so the motion is untimely (absent an extension of time *nunc pro tunc*) if construed as a Rule 59 motion. Moreover, Federal Rule of Civil Procedure 6(b)(2) provides that "a court must not extend the time to act under Rules . . . 59(b), (d), and (e) and 60(b)." Therefore, the Court lacks discretion or authority to consider petitioner's motion under Rule 59(e). *See Azam v. City of Pleasanton*, 356 F. App'x 6, 7 (9th Cir. 2009) (B. Fletcher, Leavy, Rymer) ("The district court did not abuse its discretion when it denied Azam's post-judgment motions seeking enlargement of time to file a motion for reconsideration or relief

---

[1] *Cf., e.g., Johnson v. United Continental Holdings, Inc.*, 2013 WL 2252030, *1 (N.D. Cal. May 22, 2013) (noting district Civil L.R. 7-9(d)'s provision that a party need not respond to a reconsideration motion unless the district court orders it to do so); *Proctor v. CCA*, 2012 WL 1987180, *1 n.1 (D. Ariz. June 4, 2012) (noting district LRCiv 7.2(g)(2)'s provision that a party may not respond to a reconsideration motion unless the district court orders it to do so); *Matheny v. K-Mart Corp.*, 2007 WL 2127661, *5 (W.D. Mich. July 23, 2007) (Richard Allan Edgar, J.) (noting that district's local rule 7.4(b) prohibited a party from filing a response to a reconsideration motion unless ordered to do so).

[2] Our District's Local Civil Rule 7-9, Opposing Papers, provides that with the exception of motions for a new trial, a party who opposes a motion must file "the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely" no later than twenty-one days before the date noticed for the hearing of the motion.

Here, however, the *pro se* petitioner has not noticed a hearing date, and the Court deems his motion suitable for resolution without oral argument. Accordingly, LCivR 7-9's provision setting the deadline for a brief opposing a motion, does not apply here.

from judgment. The district court had no power to extend the time to file a Rule 59(e) motion.") (citing, *inter alia*, Fed. R. Civ. P. 6(b)(2) and *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993)); *accord Annobil v. Worcester Skilled Care Ctr., Inc.*, 2014 WL 7384758, *1 (D. Mass. Dec. 29, 2014) ("Because Plaintiff's Rule 59(e) motion was filed on the 29th day following the entry of judgment, the motion is untimely. The Court is without power to extend the deadline beyond the time provided in the Rule.") (district-court citation omitted).

**In any event, petitioner would not be entitled to relief under Rule 59.** Reconsideration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dist. No. 1J Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Similarly, our District's Local Civil Rule 7-18 provides in pertinent part that

> [a] motion for reconsideration of any decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or ( c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Here, petitioner has not presented any "newly discovered evidence." *See* C.D. Cal. LCivR 59-1.3, Specification of Ground - Newly Discovered Evidence (describing required contents of affidavit which a Rule 59(e) movant must submit if the ground for reconsideration is newly discovered evidence). Nor has petitioner shown any error in the

initial decision, or demonstrated that there has been "an intervening change in controlling law", *School Dist. No. 1J*, 5 F.3d at 1263, a/k/a "a change of law occurring after the time of such decision", C.D. Cal. LCivR 59-1.3.

Rather, petitioner merely disagrees with the Court's decision that he did not carry his burden of showing that he was entitled to sufficient statutory and/or equitable tolling to render his petition timely under AEDPA. He essentially reiterates the arguments which he made in his brief opposing respondent's motion to dismiss the habeas petition as untimely (Doc 28), his objections to the R&R (Doc 31), or his first two motions for reconsideration or relief from judgment herein. *See* C.D. Cal. LCivR 7-18 (stating, in pertinent part, "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); *see, e.g.,* Doc 50 at 3-5 (arguing that petitioner was entitled to "gap tolling" for the periods between the state courts' denial of one habeas petition and his filing in state court of the next habeas petition); *id.* at 6 (arguing that relation-back doctrine applies); *id.* at 6-10 (arguing that Magistrate Judge abused discretion in denying petitioner's *Rhines v. Weber* motion to stay the case and hold it in abeyance so that he could return to state court to exhaust unexhausted claims).

Thus, construed as a Rule 59(e) motion, the motion is both untimely and meritless.

B.   Federal Rule of Civil Procedure 60(b), Relief from Judgment[3]

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> 
> **(1)**   mistake, inadvertence, surprise, or excusable neglect;

---

[3] Our District does not have any local rule corresponding to or implementing Federal Rule of Civil Procedure 60, Relief from a Judgment or Order.

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**Petitioner is not entitled to relief under Rule 60(b).**

<u>Rule 60(b)(2) through (5).</u>  First, petitioner has not even attempted to satisfy the criteria for relief from judgment in Rule 60(b) subsections (2) through (5).  Petitioner does not present newly discovered evidence (subsection 2); does not contend that the judgment is the result of fraud, misrepresentation or misconduct (subsection 3); does not contend that the judgment is void (subsection 4); does not allege that the judgment has been satisfied, released, or discharged, or that it is based on some earlier judgment which has been reversed or vacated (subsection 5).

<u>Rule 60(b)(1).</u>  Nor does argue that he has a valid claim for relief from judgment based on mistake, inadvertence, or surprise, for purposes of subsection (1).  The remaining ground for relief from judgment listed in Rule 60(b)(1), *excusable* neglect, is of no avail to petitioner, either. Federal Rule of Civil Procedure 60( c), Timing and Effect of the Motion, provides that "A motion under Rule 60(b) must be made within a reasonable time – and *for reasons (1), (2), and (3) no more than a year after the entry of the judgment* or order or the date of the proceeding."  The judgment challenged by the instant motion was entered in March 2012, and petitioner did not file the instant motion until December 2014, more than two and a half years later. Accordingly, to the extent that the motion seeks relief from judgment pursuant to Rule 60(b)(1) due to excusable neglect, the motion is untimely

6

and the Court would lack jurisdiction to consider it. *See Norwood v. Vance*, 517 F. App'x 557, 558 (9th Cir. 2013) ("To the extent that Norwood's motion seeks relief under Rule 60(b)(1) or Rule 60(b)(3), the district court lacked jurisdiction to consider it because Norwood filed the motion more than one year after judgment was entered.") (citing Fed. R. Civ. P. 60(c)(1) and *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989)), *cert. denied*, 82 U.S.L.W. 3494, – U.S. –, 134 S. Ct. 1344 (2014).

<u>Rule 60(b)(6).</u>  Nor has petitioner shown a basis for relief from this Court's March 27, 2012 final Judgment under the catch-all provision, subsection (6). Subsection six "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' *other than the more specific circumstances set out in Rules 60(b)(1)-(5)*." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29, 125 S. Ct. 2641, 2646 (2005) (emphasis added) (citing, *inter alia*, *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 108 S. Ct. 2194 (1988)).

**To begin with, to the extent that petitioner's motion seeks relief from judgment pursuant to Rule 60(b)(6), it is untimely.**  Rule 60(c)(1) provides that a Rule 60(b)(6) motion must be made "within a reasonable time" after the judgment was entered. On this record, it was not reasonable for petitioner to wait more than two and a half years after the entry of judgment before filing this motion. *Cf., e.g., Burton v. Spokane Police Dep't*, 473 F. App'x 731 (9th Cir. 2012) (Canby, Graber, M. Smith) ("To the extent that Burton's motion falls within Rule 60(b)(6), the district court did not abuse its discretion when it denied Burton's motion because his almost two-year delay before filing was unreasonable.") (citing Fed. R. Civ. P. 60(c)(1) and *Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 526 (9th Cir. 1991)). The record does not suggest, for example, that he was not aware and could not have been aware, through reasonable diligence, of the grounds for relief from judgment which he advances herein, much closer in time to the judgment. At the time this Court entered in March 2012, petitioner was aware of the various limitations and obstacles which he advances herein as grounds for equitably tolling the AEDPA

limitations period, e.g., lack of education, need to rely on a fellow inmate for help, alleged lockdowns in his correctional facility, and alleged mental illness. *Cf. Kingdom v. Lamarque*, 392 F. App'x 520, 521 (9th Cir. 2010) ("King's [Rule 60(b)] motion was based on communications between himself and his original counsel dating from before Kingdom filed his habeas petition. The grounds for the motion were therefore known and available to Kingdom at the time the original judgment was entered. We agree with the district court that under such circumstances, to wait not only more than a year, but until after the conclusion of an appeal to this court on the same issue, constitutes an unreasonable delay.") (footnote 1 omitted).

**Even if a Rule 60(b)(6) motion would be timely here, it lacks merit.** Our Circuit cautions that "Fed. R. Civ. P. 60(b)(6) 'is used sparingly as an equitable remedy to prevent manifest injustice'", *Angelone v. Furst*, 585 F. App'x 683 (9th Cir. 2014) (Leavy, Fisher, N.R. Smith) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)), and requires the movant to show "extraordinary circumstances", *see Million (Far East), Ltd. v. Lincoln Provisions, Inc. USA*, 581 F. App'x 679, 681-82 (9th Cir. 2014) (Trott, Callahan, D.J. Bennett) (citing *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049-50 (9th Cir. 1993)).

Petitioner does not present any new controlling or persuasive precedent demonstrating any basis for the Court to change its determination that his habeas petition was untimely. He has not identified extraordinary circumstances, because his alleged indigency, illiteracy, and inadequate access to the prison law library (*see* Doc 50 at 12-13 and *id.* at 20 and 24-25) do not constitute such circumstances as a matter of law. *See Hilbert v. Beard*, 2014 WL 4702305, *6-*7 (C.D. Cal. Sept. 19, 2014) (collecting AEDPA equitable-tolling decisions from the Ninth Circuit and elsewhere). *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) ("[P]ro se status, a prison law library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy . . . these circumstances are hardly extraordinary given the vicissitudes of prison life . . . ."); *see, e.g., Byrnes v. Kramer*, 435 F. App'x 621, 622 (9th Cir. 2011) (C.J. Kozinski, Sr. 3d

Cir. J. Roth, Clifton) ("Nor is Byrnes entitled to equitable tolling. Considering the vast number of hand-written petitions submitted to the court each year, there is nothing 'extraordinary' about Byrnes' circumstances.") (citing, *inter alia*, *Holland v. Florida*, – U.S. –, 130 S. Ct. 2549, 2562 (2010)); *Lewis v. Virga*, 2014 WL 2796524, *2 (N.D. Cal. June 19, 2014) (Phyllis Hamilton, J.) ("Petitioner states that he relied on others to help him because he suffered from a mental disability and is illiterate. Petitioner provides no more information regarding the mental disability, and *a pro se petitioner's lack of legal sophistication or illiteracy alone is not an extraordinary circumstance sufficient to justify equitable tolling*.") (citing, *inter alia*, *Stancle v. Clay*, 692 F.3d 948, 952, 959 (9th Cir. 2012), *cert. denied*, 81 U.S.L.W. 3471, – U.S. –, 133 S. Ct. 1465 (2013)) (emphasis added).

**Petitioner also complains that during his AEDPA limitation period and continuing to the present, he had to rely on the assistance of a layman fellow-inmate, Lionell Thelmer.** *See* Doc 50 at 12-13 and *id.* at 15-16 (Thelmer Declaration executed Nov. 14, 2014). But as a matter of law, petitioner's need to rely on Thelmer or other inmate does not constitute an extraordinary circumstance for purposes of equitable tolling. *See Hilbert*, 2014 WL 4702305 at *7 (citing, *inter alia*, *Chaffer*, 592 F.3d at 1048, and *Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (complaint that delay in habeas filing was due to inmate law clerk on whom petitioner relied, was not sufficient to warrant equitable tolling, because the fact that another inmate provided assistance "did not relieve [petitioner] of his personal responsibility of complying with the law")).

**Petitioner asserts that "the magistrate judge failed to factor in the fact that" his "prisons were on lock-downs, and access to the law library for research and access to his layman assistants" was too limited for him to file his federal habeas petition earlier.** *See* Doc 50 at 5. First of all, "the limitations imposed by lockdowns . . . typically do not warrant equitable tolling because they are 'ordinary prison limitations.'" *Paarman v. Spearman*, 2013 WL 8291760, *2 (C.D. Cal. Nov. 4, 2013) (quoting *Ramirez v. Yates*,

571 F.3d 993, 998 (9th Cir. 2009)) (other citations omitted); *contrast Espinoza-Matthews v. California*, 432 F.3d 1021, 1026-28 (9th Cir. 2005) (holding that pro se prisoner was entitled to equitable tolling of AEDPA limitations period where he had been kept in administrative segregation for his own protection for 11 months out of the one-year period, without access to his legal file until only about a month of the limitations period remained).

Second, "[t]he Court cannot simply assume that the petitioner was denied access to legal materials whenever his prison was under lockdown." *Paarman*, 2013 WL 8291760 at *3 (citing, *inter alia*, *Olivera v. Grounds*, 2013 WL 5675368, *9 (C.D. Cal. Oct. 17, 2013) (Bernal, J.) ("[T]he purported 'lockdown' order on which petitioner relies appears to indicate that the status of the 'legal library' was 'normal' during that period of time.")). For example, it could be the case that petitioner's prison provided prisoners with emergency or special access to legal-research materials, whether in the library or elsewhere, notwithstanding a lockdown. *See Schipke v. United States*, 2011 WL 10550694, *15-*16 (D. Ariz. Oct. 21, 2011) ("[I]t is not clear whether FMC-Carswell provides emergency library services to inmates in lock-down, or other means of accessing legal reference materials, or if Schipke has been provided these services."), *R&R adopted*, 2012 WL 1283804 (D. Ariz. Mar. 28, 2013); *Gardner v. Hartley*, 2010 WL 770364, *4 (C.D. Cal. Feb. 23, 2010) ("[T]he record does not support [petitioner]'s allegation that the 'lockdown' and limited law library access actually prevented him from filing the petition on time. [T]he two 'Program Status Reports' attached to the opposition indicate that the prison was not placed on 'lockdown,' but was on a 'modified program,' and that law library access was 'normal' for 'Non-Hispanics' and limited for 'Bulldogs' and 'South Hisp.' Petitioner never indicates that he was a member of one of the restricted groups that would have had limited law library access as a result of the riots.") (internal citation omitted).

**Moreover, petitioner's conclusory assertion fails to even specify the dates or approximate dates of the alleged lockdowns and the attempts which he or his helper allegedly made to access the library.** Thus, he fails to specifically describe or attempt to measure the nature and duration of his or his inmate-helper's alleged inability to gain

access to the law library during the relevant time period. *See Hilbert*, 2014 WL 4702305 at *7 ("Petitioner's bare complaint that his law library is inadequate is bereft of factual detail and wholly inadequate to meet the burden of establishing an extraordinary circumstance" for purposes of AEDPA equitable tolling) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), and *Williams v. Dexter*, 649 F. Supp.2d 1055, 1061-62 (C.D. Cal. 2009)); *Paarman*, 2013 WL 8291760 at *2 ("Moreover, petitioner fails to specify the dates of the lockdowns.") (citing, *inter alia*, *Haggerty v. Diaz*, 2013 WL 4718171, *6 (C.D. Cal. Aug. 30, 2013) (Gee, J.) ("[H]e has not shown that his temporary inability to use the law library was the cause of his untimely filing. [He] fails to . . . provide any evidence showing that the lockdowns even occurred during the relevant time periods."), *appeal dismissed*, No. 13-56652 (9th Cir. Nov. 21, 2013)).

**Finally, petitioner alleges that he is and was "Non Compos Mentis" and unable to "formulate the complex legal and factual case issues in one pleading . . . ."** Doc 50 at 7; *see also* Doc 50 at 13 ("Petitioner who has cognitive defect disorder which renders Petitioner incapable of understanding simple stimula [sic], would not have been able to marshall [sic] the facts and law cited above herein . . . .").

It is true that the Ninth Circuit has held that "[w]here a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance beyond [his] control, and the deadline should be equitably tolled." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (internal quotation marks omitted, alteration in original). *See, e.g., Forbess v. Franke*, 749 F.3d 837 (9th Cir. 2014) (reversing district-court decision which had dismissed habeas petition as untimely, panel held that petitioner had showed that his mental illness was so severe that he was unable to understand the need timely to file the petition and made it impossible, under all the circumstances, to meet the filing deadline despite his diligence).

Petitioner fails, however, to attach or point to any record evidence, particularly a diagnosis or opinion from a medical expert, to support the notion that he was mentally ill

or otherwise intellectually impaired during some or all of the AEDPA limitations period – let alone that this illness or impairment actually prevented him from filing his federal habeas petition on time.  Rather, petitioner attaches only a declaration from a layperson, a fellow inmate named Lionell Thelmer, asserting that *the fellow inmate* "observed that [petitioner] does not grasp the facts or law related to his case, and that he is not in control of his mind, and lacks accurate cognitive ability to reason even simple stimula [sic], let alone law." Doc 50 at 15 ¶ 4.

The fellow inmate further asserts that "[a]t the time I was requested to review Adams['] legal files and records, Adams was and is a patient treated at the Enhanced Outpatient Level of care in the Mental Health Facility, at Lancaster State Prison, due to mental illness." *Id.* at 15 ¶ 5.  The fellow inmate continues in similarly general and conclusory fashion, conveying hearsay to the effect that petitioner "according to his friend (Jones), is prescribed various psychiatric medications that render [petitioner] incapable of functioning in a manner that would enable [petitioner] to prepare any logical pleading on his behalf." *Id.* at 16 ¶ 6.

**Petitioner identifies no authority suggesting that the Court may rely on such conclusory non-expert assertions to find that a party was mentally ill.** *Cf. Forbess*, 749 F.3d at 841, where the Ninth Circuit held that a habeas petitioner was entitled to equitable tolling because had showed that his mental illness was so severe that he was unable to understand the need timely to file the petition:

> [p]etitioner's claim that his delusions *persisted from the time of his trial to the expiration of the limitations period* is supported by the psychological evaluations of Dr. Fickle, Dr. McDonald, and Dr. Melnick, and by the mental health records. During the relevant time period, Petitioner genuinely believed the FBI would release him only they arrested his ex-wife. As such, he was incapable of rationally understanding the necessity of filing a timely habeas petition.

(Emphasis in original). By contrast to the petitioner in *Forbess*, petitioner here has not provided expert medical opinion and formal medical records to enable the Court to determine the nature and petitioner's mental illness *during the AEDPA limitations period* and the specific limitations it imposed upon him with regarding to the ability to file a timely federal habeas petition. The Court declines to rely solely on the statements of a non-expert as a basis for finding that petitioner was mentally ill during some or all of his AEDPA limitations period. *Cf., e.g., Deere v. Cullen*, 718 F.3d 1124, 1173 (9th Cir. 2013) ("[M]ental illness is often not detectable by a lay person. * * * Dr. Rosenthal also testified that a competency determination cannot be based on a layperson's view . . . ."), *cert. denied*, 83 U.S.L.W. 3186, – U.S. –, 135 S. Ct. 76 (2014); *Jamison v. Haws*, 2010 WL 2975766, *3-4 (E.D. Cal. July 27, 2010) (rejecting habeas petitioner's claim that his mental illness entitled him to equitable tolling, court stated in part, "He does not state that he has ever been adjudicated incompetent, . . . . He offers no evidence in support of the claim, such as psychological evaluations, medical reports or hospitalization records. He provides no details on the allege psychotropic medication, such as what it is, when he started treatment, the duration, whether there are any side effects, and how the medication caused him to be untimely.").

**Moreover, petitioner would have to further show that his alleged mental illness was the "but-for and proximate causes of his untimeliness."** *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "[M]ental incompetency alone is not a per se reason to grant equitable tolling. 'Most mental illnesses are treatable, and with proper treatment many, if not most, sufferers are capable of managing their own affairs.' Petitioner must show that the alleged mental incompetence 'in fact' caused him to fail to file a timely habeas petition." *Blanche v. Soto*, 2013 WL 8204545, *5 (C.D. Cal. Dec. 4, 2013) (internally quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)) (other citation omitted), *R&R adopted*, 2014 WL 1370385 (C.D. Cal. Apr. 7, 2014) (Christina Snyder, J.) (determining that petitioner failed to carry burden of showing that he was mentally ill and that the mental

illness actually caused him to be unable to file his federal habeas petition on time for purposes of equitable tolling). Accordingly, "[t]he Court will not stereotype all petitioners diagnosed with a mental illness or a physical disability – especially those who are treated with medication – as inherently and endlessly incompetent." *Corral v. Evans*, 2010 WL 1267778, *3 (N.D. Cal. Mar. 31, 2010).

**This is particularly true given that by petitioner's own account, petitioner relies on other inmates for assistance in prosecuting his federal habeas corpus efforts.** Petitioner has not explained why his alleged mental illness (or the effects of medication used to treat that illness) did not prevent him from filing his federal habeas petition when he did, but supposedly *did* prevent him from getting help to file the petition over the preceding months while the AEDPA limitations period was still running. *See Duran v. Parmo*, 2012 WL 5457423, *9 (C.D. Cal. Nov. 7, 2012) (Eick, M.J.) ("Petitioner has not shown diligence, i.e., that his alleged mental impairment 'made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.' * * * *Petitioner evidently has been able to obtain inmate assistance, and provides no explanation why Petitioner could not have filed a timely federal petition with that assistance.*") (internally quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)) (other citation omitted) (emphasis added), *R&R adopted*, 2012 WL 5458871 (C.D. Cal. Nov. 7, 2012) (Margaret Morrow, J.); *Corral*, 2010 WL 1267778 at *3 ("[D]uring the periods he suffered from the alleged mental and physical problems, Petitioner had the ability to request for assistance [sic] from other prisoners. In fact, according to his motion for reconsideration, 'Any and all of Petitioner's legal work has been done by fellow unskilled laymen at law [sic] prisoners.'") (other internal quotation marks omitted).

Therefore, construed as a Rule 60(b) motion, petitioner's motion lacks merit.

C.     If a COA Is Required, Petitioner Is Not Entitled to One

"Unless a circuit justice or [district] judge issues a certificate of appealability" or COA , an appeal may not be taken to the court of appeals from  – (A) the final order in a

habeas corpus proceeding in which the detention complained of arises out of process issued by a state court." 28 U.S.C. § 2253(c)(1)(A).[4] *See, e.g., Bryant v. McDonald*, No. 12-16528, – F. App'x –, 2014 WL 6744108, *1 n.10 (9th Cir. Dec. 1, 2014) ("We decline to consider Bryant's claim of cumulative error[,] for which no certificate of appealability issued.") (citing *Rhoades v. Henry*, 598 F.3d 511, 515 n.6 (9th Cir. 2010)). The district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts. The court must consider each claim separately, *see Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001), i.e., the court may grant a COA on one claim and not on others.

**But as our Court of Appeals noted in a published decision in 2011, it remains an open question in our circuit whether a COA is required to appeal the denial of a "true" Rule 60(b) motion for relief from judgment in a habeas case.** *See United States v. Washington*, 653 F.3d 1057, 1065 n.8 (9th Cir. 2011).[5] In 2013, another panel issued a

---

[4] *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and 9th Cir. R. 22-1(f) (appellees need not respond to uncertified issues).

[5] At least three Ninth Circuit panels have proceeded on the implicit premise that a habeas petitioner needs a COA in order to appeal a district-court order denying relief from the judgment which denied his habeas petition. *See United States v. Roca-Suarez*, 546 F. App'x 723, 724 (9th Cir. 2013) (Goodwin, Fisher, Clifton) ("We deny Roca's application for a certificate of appealability for his Rule 60(b) argument."); *Borhan v. Allison*, 541 F. App'x 740, 741 (9th Cir. 2013) (Benavides, Bybee, Nguyen) ("We granted Borhan a . . . COA . . . to decide 'whether the district court abused its discretion in denying appellant's motion for relief from judgment under [Rule] 60(b) based on federal habeas counsel's alleged misconduct.'"); *Hibbert v. Curry*, 399 F. App'x 235 (9th Cir. 2010) (Silverman, Callahan, N.R. Smith) ("We deny a certificate of appealability as to Hibbert's claim that the district court improperly denied his motion under Rule 60(b) . . . .").

All three of those decisions were unpublished, however, and they offered no analysis of whether and why a COA might be required to appeal from the denial of a Rule 59(e) or
(continued...)

15

published decision which suggested in dictum that a habeas petitioner might not need a COA to appeal from the denial of a true Rule 60(b) motion for relief from judgment. *See Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir.) ("Were Jones appealing the denial or dismissal of a valid Rule 60(b) motion, he may have had no need for a COA.") (citing *Harbison v. Bell*, 556 U.S. 180, 183, 129 S. Ct. 1481 (2009) ("[28 U.S.C.] 2253(c)(1)(A) . . . governs final orders that dispose of the merits of a habeas corpus proceeding – a proceeding challenging the lawfulness of the petitioner's detention.")), *cert. denied*, 82 U.S.L.W. 3243, – U.S. –, 134 S. Ct. 503 (2013).[6]

**Out of an abundance of caution, then, the Court will assume that the Ninth Circuit would require a COA in this situation and will consider whether petitioner meets the standard for a COA.** *See Johnson v. Montgomery*, 2014 WL 7338824, *5 (C.D. Cal. Dec. 15, 2014) (Fairbank, J.) (joining the sister circuits in stating that habeas petitioner was required to obtain a COA before appealing an order denying reconsideration of or relief from a judgment denying/dismissing his habeas petition) (citing, *inter alia*, *United States v. Parada*, 555 F. App'x 763, 765 (10th Cir. 2014)); *Pizzuto v. Ramirez*, 2013 WL

---

[5](...continued)
Rule 60(b) motion in the habeas context. Neither of them noted the prior published Ninth Circuit decision that the applicability of the COA requirement in this situation remains an open question in our circuit. *See Washington*, 633 F.3d at 1065 n.8.

[6]
At least the Second, Fourth, Fifth, Sixth, Eighth, and Eleventh Circuits have held in published decisions that a habeas petitioner is required to obtain a COA in order to appeal the denial of a motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b). *See Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001); *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004); *Ochoa-Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("Because Lambros's Rule 59(e) motion, . . . , sought ultimately to resurrect the denial of his earlier § 2255 motion, we hold that a certificate of appealability is required for the present appeal."); *Gonzales v. Sec'y for DOC*, 366 F.3d 1253, 1266-67 (11th Cir. 2004) (en banc), *aff'd o.g.*, 545 U.S. 524, 125 S. Ct. 2641 (2005).

1222560, *12 (D. Idaho Mar. 22, 2013) (after denying relief from judgment denying habeas petition, court cited *Washington* and stated, "To the extent a certificate of appealability is needed for an appeal . . . ."); *Styers v. Ryan*, 2013 WL 1149919, *23 (D. Ariz. Mar. 20, 2013) (same); *Cook v. Ryan*, 2012 WL 2798789, *13 (D. Ariz. July 9, 2012) (same); *cf. Tierney v. Abercrombie*, 2012 WL 3776487, *1 (D. Haw. Aug. 29, 2012), *relief from judgment denied*, 2012 WL 4502454 (D. Haw. Sept. 28, 2012).

In practice, "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)), and a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor," *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (*citing Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here.

Reasonable jurists would not find it debateable that petitioner's motion is both untimely and meritless whether it is construed as a Rule 59(e) motion for reconsideration or as a Rule 60(b) motion for relief from the March 27, 2012 judgment. As presented, then, petitioner's motion is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).

**ORDER**

Petitioner's "Motion for Leave to File Petition for Writ of Habeas Corpus After the Expiration of Time as a Result of Erroneous Application of Tolling Time by the Court" **[Doc # 50] is DENIED.**

The Court **DENIES** a Certificate of Appealability.

Petitioner may seek a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit. *See* Rule 11(a) of Rules Governing Sec. 2254 Cases in the U.S. District

Courts ("If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.").[7]

DATED:     January 7, 2015

*Valerie Baker Fairbank*

Valerie Baker Fairbank
Senior United States District Judge

---

[7] *See, e.g., Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013) ("Sully timely appealed the four certified claims. His opening brief also raises six *uncertified claims, which respect to which we granted a certificate of appealability*.") (emphasis added), *cert. denied*, – U.S. –, 134 S. Ct. 2697 (2014).